## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOYCE LAVALLEE | * | |
| 5260 Sinsheim Road | | |
| Spring Grove, PA 17362 | * | |
| | | |
| and | * | |
| | | |
| BRIAN LAVALLEE | * | |
| 5260 Sinsheim Road | | |
| Spring Grove, PA 17362 | * | |
| | | |
| *Plaintiffs* | * | Case No.: 1:15-CV-03251 |
| | | |
| v. | * | |
| | | |
| BROADWAY SERVICES, INC. | * | |
| Serve on Resident Agent: | | |
|    PETER SEIDL | * | |
|    3709 E. Monument St. | | |
|    Baltimore, MD 21205 | * | |
| | | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Joyce Lavallee and Brian Lavallee, Plaintiffs, by and through their undersigned attorneys, Frederic C. Heyman and Bennett & Heyman, P.A., hereby sue Broadway Services, Inc., Defendant, and as grounds therefor, state:

### A. JURISDICTION AND VENUE

1. This action arises under the Laws of the State of Maryland. The events occurred in Baltimore City, Maryland, which is within this Judicial District. Venue is conferred upon this Court by Title 28 United States Code, Sec. 1391(b) and (c). Jurisdiction on the basis of diversity of citizenship is conferred upon this Court by Title 28 Unites States Code, Sec. 1332. The amount in

controversy exceeds the jurisdictional limits for the filing of such claims.

## B. JURY TRIAL DEMAND

2. Plaintiffs hereby demand a Jury Trial in this action.

## C. THE PARTIES

3. Plaintiffs Joyce Lavallee and Brian Lavallee reside in York County, Pennsylvania.

4. Defendant Broadway Services, Inc. is a Maryland corporation which owns and operates the subject parking garage at 4940 Eastern Ave., Baltimore, MD 21224, where the events giving rise to this cause of action occurred.

## D. FACTUAL ALLEGATIONS IN SUPPORT OF ALL COUNTS

5. On or about August 26, 2014, Plaintiff Joyce Lavallee, accompanied by her husband, Plaintiff Brian Lavallee was exiting the pedestrian walkway on the third floor of the parking garage at Johns Hopkins Bayview Medical Center after visiting the aforesaid institution for a scheduled physician's appointment. While exiting the aforesaid pedestrian walkway, Plaintiff Joyce Lavellee, a paraplegic confined to a wheelchair, was caused to fall out of her wheel chair due to the front wheels of her wheelchair getting caught in an uneven, depressed expansion joint on the premises owned and/or operated and/or maintained by the Defendant and sustaining personal injury as a result thereof.

## E. CLAIMS FOR RELIEF/CAUSES OF ACTION

### COUNT I: NEGLIGENCE

6. Plaintiffs hereby incorporate herein by reference the allegations set forth in all other paragraphs as if fully set forth herein.

7. Plaintiffs were invitees of Defendant Broadway Services, Inc. As the owner and/or operator of the parking garage, Defendant had a duty to use reasonable and ordinary care to keep the premises safe for invitees, and more specifically to protect Plaintiff Joyce Lavallee against injuries caused by an unreasonable risk which she, by exercising ordinary care, could not discover.

8. Defendant Broadway Services, Inc. breached its duty of care owed to Plaintiff Joyce Lavellee by failing to warn invitees, including Plaintiff Joyce Lavallee, of the uneven depressed expansion joint and negligently failing to repair or otherwise mitigate the danger of the depressed expansion joint.

9. Within the parking structure there existed expansion joints as part of the original garage construction and one of those expansion joints was located inside of the garage but close to the entranceway/exitway of the elevated pedestrian walkway structure. Inside of the pedestrian walkway and just before the parking garage's entrance was the parking pay station. Ms. Lavellee rolled past the pay station and then necessarily had to traverse the expansion joint since it stretched across the entire width of the garage's pedestrian walkway entrance/exit route that she was using to access her car.

10. The expansion joint assembly's total width was approximately 10 inches; whereas the expansion joint per se was about 3 inches. The material of construction was an elastic material. While the same type and style expansion joints elsewhere in the garage structure were flush with the walkway or driveway surface, the subject expansion joint that Ms. Lavellee's wheelchair encountered was not flush but had its expansion joint top surface segment about 0.5 inches lower from the garage concrete floor walkway surfaces. To a reasonable degree of engineering certainty,

this expansion joint had to be rendered flush with the walkway surface to ensure the safety of those traversing the walkway including but not limited to invitees using canes, crutches, wheelchairs, or other assisted ambulation devices such as Ms. Lavallee.

11. Model building codes, including, but not limited to, the International Building Code (IBC), the Maryland State Uniform building Code, the Life Safety Code (LSC), the Americans with Disabilities Act (ADA), and safety literature have long recognized that small changes of elevation in an entrance/exit walkway surface represent a fall down hazard to a pedestrian and/or a wheelchair. The codes and the literature make it clear that small changes of elevation in a walkway surface, such as an abrupt low spot or drop in elevation as that described in ¶5 above, are to be avoided.

12. The subject parking garage's walkway surface, due to the non-flush expansion joint, represented an unsafe and hazardous condition because of the inherent difficulty of a person in a wheelchair, such as Ms. Lavelee, to recognize it while using their wheelchair.

13. Defendant Broadway Services, Inc. was negligent and breached the applicable standards of care insofar as the entrance/exit pathway owned and/or managed by that at 4940 Eastern Ave., Baltimore, MD 21224:

    a.    Was not in compliance with the spirit, intent, or technical provisions of the "Means of Egress" safety as expressed in the Building Officials and Code Administrators International, Inc. (BOCA) Building Code, the LSC, and the BOCA Existing Structures Code, the newer IBC building standard, and the U.S. Department of Justice ADA;

    b.    Represented an abrupt AChange in Elevation@ in the form of a wheelchair hazard

    located in an expected path of travel within the Means of Egress;

c.  Posted no warnings in the form of color contrasts, safety cones, or other design means to otherwise warn invitees of a hazardous condition;

d.  Was not a safe condition for public use and in particular for persons using a wheel chair when Defendants knew, or should have known, that persons using assisted ambulation devices such as wheelchairs would be using the pedestrian walkway to enter or exit the garage;

e.  Had an unsafe abrupt change of elevation capable of catching and stopping a wheelchair; and

f.  And in all other respects was careless and negligent.

14. The unsafe condition and negligence of Defendant Broadway Services, Inc., as described herein above, was the root and proximate cause of Ms. Lavallee's injuries, without any negligence on the part of the Plaintiff Joyce Lavellee contributing thereto.

15. As a result of Defendant Broadway Services, Inc.'s negligence, as aforesaid, Plaintiff Joyce Lavallee has suffered, and will continue to suffer, severe physical injuries, including a fracture of her right leg and complications resulting therefrom; has been caused to undergo medical treatment and resultant medical expenses as a proximate result of injuries and damages sustained; have been caused to suffer pain, suffering, and sustain mental anguish; and in all other respects has been injured and damaged.

16. All such injuries were caused solely by the negligence of Defendant Broadway Services, Inc., as aforesaid, without any negligence by Plaintiff contributing thereto.

### PRAYER FOR RELIEF — COUNT I

WHEREFORE, Plaintiff Joyce Lavallee demands judgment against Defendant Broadway Services, Inc. for compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), plus attorney's fees, interest and costs.

### COUNT II: LOSS OF CONSORTIUM

16. Plaintiffs hereby incorporate herein by reference the allegations set forth in all other paragraphs as if fully set forth herein.

17. That at all times relevant hereto, Plaintiffs Brian Lavallee and Joyce Lavallee were husband and wife.

18. That as a result of the aforesaid accident, Brian Lavallee and Joyce Lavallee sustained a loss of consortium, loss of services, and other damages to their marital relationship.

### PRAYER FOR RELIEF — COUNT II

WHEREFORE, Plaintiffs, Brian Lavallee and Joyce Lavallee, seek damages against Defendant Broadway Services, Inc. in the amount Two Hundred and Fifty Thousand Dollars ($250,000.00), plus attorney's fees, interest and costs.

Frederic C. Heyman
Federal Bar No.: 06013
Roger J. Bennett
Federal Bar No.: 03219
Bennett & Heyman, P.A.
201 N. Charles Street
Suite 500
Baltimore, MD 21201
(410) 727-2168
*Attorneys for Plaintiff*